**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **KENNETH WADE LYNCH,** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **Civil No. 7:09-CV-128-O** |
| **v.** | § | |
| | § | |
| | § | |
| **THE PRESIDENT OF THE** | § | |
| **UNITED STATES, OBAMMAH,** | § | |
| **Defendant.** | § | |
| | § | |

**FINDINGS AND RECOMMENDATIONS**

After reviewing Plaintiff's Complaint, I find that a hearing of the Motions to Appoint Counsel and for Speedy Trial and the conducting of further proceedings in the case are unnecessary. The Complaint names as a defendant "The President of the United States Obammah." (name misspelled). The gravamen of Plaintiff's inarticulate, rambling Complaint is a common law cause of action for slander arising from some alleged statement made by the President against the Plaintiff on televison. For this alleged slander, Plaintiff seeks the following remedies:

1. "A settelment (*sic*) of impeachment of the president;
2. A cash & property settelment (*sic*) of $500,000,000.00; and,
3. For his (the President's) assets to be frozen until this is settled in court.

Even taking each statement of Plaintiff's Complaint as true, it still fails to state a cause of action cognizable by this court. No federal question has been raised or is implied. The only cause of action alleged is the state common law action for slander. Since the plaintiff appears to reside in the state of Texas, he also appears to be a citizen of the state of Texas. President Obama is not a citizen of the state of Texas. The alleged amount in controversy is in excess of $75,000.00. Therefore the diversity of citizenship jurisdiction of this court is implicated by Plaintiff's pleading.

Turning now to the substantive allegations of Plaintiff's Complaint, the President of the United States has **absolute immunity** from civil suit during his term of office and afterward to the extent his actions are within the "outer perimeter" of his official duties. Nixon v. Fitzgerald, 457 U.S. 731,744 (1982); Sanders v. Bush, 15 F. 2d 64 (5th Cir. 1994). Televised publication of the President's views on various topical items is within the outer perimeter of his official duties. I find that **IF** (and this is a big IF) the President made certain televised comments concerning the Plaintiff or of a class of persons of which the Plaintiff is a member, his comments were within the outer perimeter of his authority and duties. Therefore, I conclude that the President has **absolute immunity** from Plaintiff's suit. As to the requested remedy of impeachment, impeachment is in the province of Congress, not the Courts. Therefore, I further conclude that Plaintiff's suit may now be dismissed without further proceedings.

Furthermore and alternatively, if the acts of which Plaintiff complains do not fall within the outer perimeter of the President's authority in his official capacity, then venue of this suit is improper under 28 U. S. C. §1391 (a) as it is not brought in a judicial district where the defendant resides or where any of the events or omissions occurred. Dismissal without prejudice is permissible where venue does not lie with this court.

As to the issue of appointment of counsel, I find that appointment of counsel will not cure the deficiencies of Plaintiff's Complaint. There is no automatic right to the appointment of counsel in a civil rights action filed by a litigant proceeding *in forma pauperis*. *E.g., Hulsey v. State of Tex.*, 929 F.2d 168, 172 (5th Cir. 1991); *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir.1982). No constitutional right to appointment of counsel exists in civil cases, even civil rights cases. See *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam). A district court is not required to appoint counsel unless "'exceptional circumstances'" exist. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987) (quoting *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)). Therefore, at the very least, before considering whether the assistance of counsel would benefit the plaintiff and/or the court by applying the Fifth Circuit's four *Jackson* criteria, at the very least the court should require that the petitioner to allege a colorable claim. In this case, the Plaintiff has not even alleged a "colorable claim."

Accordingly, I  recommend to the District Court that appointment of counsel be denied and that Plaintiff's Complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915 (e)(1)(B)(ii), and Rules 12(b)(1) and 12(b)(6) and that the Court include a warning about sanctions for frivolous filings.

It is so FOUND and RECOMMENDED, this 25th day of August, 2009.

*Robert K. Roach*

**Robert K. Roach**
**UNITED STATES MAGISTRATE JUDGE**

<u>Standard Instruction to Litigants</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).